IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-02-310 (2) |
| | § | C.A. No. C-05-322 |
| ANNA GONZALEZ, | § | |
| | § | |
|     Defendant/Movant. | § | |

**ORDER DISMISSING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE,
AND DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Defendant Anna Gonzalez's ("Gonzalez") motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255, which is deemed filed as of June 27, 2005.[1] (D.E. 82).[2] The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. As discussed in more detail herein, the Court DENIES Gonzalez's motion because it is time-barred. Additionally, the Court DENIES Gonzalez a Certificate of Appealability.

---

[1] The Clerk received Gonzalez's motion on June 30, 2005. The motion indicates that it was signed on June 27, 2005. (D.E. 82). That is the earliest date it could have been delivered to prison authorities for filing, and it is thus deemed filed as of that date. Houston v. Lack, 487 U.S. 266, 276 (1988)(a document is deemed filed by a *pro se* prisoner when it is delivered to prison authorities for mailing, postage pre-paid). See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992)(providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings).

[2] Dockets entries refer to the criminal case, C-02-cr-310.

1

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II. FACTS AND PROCEEDINGS

On November 13, 2002, Gonzalez and her co-defendant sister were charged in a two-count indictment with: (1) aiding, abetting, and assisting others known and unknown to knowingly and intentionally possess with intent to distribute approximately six kilograms of cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)("Count One"); and (2) knowingly and intentionally conspiring to possess with intent to distribute approximately six kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 ("Count Two"). (D.E. 1). Gonzalez pleaded guilty to Count One pursuant to a written plea agreement, and this Court accepted her guilty plea at her rearraignment on December 18, 2002. (D.E. 15, 16).

On March 13, 2003, the Court sentenced Gonzalez and judgment was entered against her on March 21, 2003. (D.E. 39, 43). Gonzalez timely appealed. (D.E. 46). The Fifth Circuit affirmed the judgment of this Court in an order dated January 21, 2004. (D.E. 63). Gonzalez did not file a petition for a writ of certiorari with the Supreme Court.

Gonzalez sent a letter dated April 28, 2005 to the Clerk of this Court, requesting the status of her appeal, which was received on May 3, 2005. In response, the Clerk's office sent her copies of the Fifth Circuit's per curiam opinion and judgment. (D.E. 70, 71). On May 23, 2005, the Clerk received from Gonzalez a document styled as a "Motion to Redress Due to Excusable Neglect Certificate of Appealability." (D.E. 74). In an order entered June 8, 2005, this Court declined to construe the motion as a § 2255 motion, construed it instead as a motion to reduce sentence, and denied it. (D.E. 76). Her § 2255 motion (D.E. 82), deemed filed as of June 27, 2005, followed and

is now pending before the Court.

In her § 2255 motion, Gonzalez asserts a number of claims. In both her first and fourth grounds for relief, she argues that this Court was without jurisdiction over her offense because there is no documentation on record pinpointing the "exact geographical location" where the alleged criminal activity occurred. She contends that, because the offense occurred on the "soil" of the sovereign state of Texas, federal jurisdiction is not present. (See D.E. 82 at Attachments labeled "Ground I" and "Ground IV").

Second, she argues that she was denied effective assistance of counsel due to numerous alleged errors of counsel, including an alleged failure to investigate the jurisdiction of the Court, failure to request a hearing into the government's "vindictiveness," failure to obtain "fair consideration" of her acceptance of responsibility, failing to "protect" her from an onerous plea agreement, and failure to petition for a writ of certiorari after the denial of her appeal. (See D.E. 82 at Attachment labeled "Ground II").

Third, she contends that the Assistant United States Attorney who prosecuted the case on behalf of the United States did not have the authority to do so, and thus engaged in "prosecutorial misconduct." (See D.E. 82 at Attachment labeled "Ground III").

### III. DISCUSSION

**A.    Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[3] 28 U.S.C. § 2255. The Fifth Circuit and the

---

[3]    The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation

Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 1078-79 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000)(*per curiam*).

As noted, Gonzalez appealed, and the Fifth Circuit affirmed her conviction and sentence by order and judgment entered on January 21, 2004. The period for Gonzalez to file a petition for writ of certiorari expired 90 days after that date, or on April 20, 2004. See S. Ct. R. 13(1); Clay, supra. Gonzalez had one year from that date to file a § 2255 motion, or until April 20, 2005. 28 U.S.C. § 2255(1). Her motion is deemed filed as of June 27, 2005. Thus, it was filed more than two months beyond the limitations period and is untimely.

Gonzalez does not offer any explanation for her untimely filing, nor does the record disclose any basis for equitable tolling. Construing the entirety of the record liberally, the only argument that Gonzalez makes that possibly could have affected the timing of her § 2255 motion is that her attorney did not keep her informed regarding the status of her appeal. This would not entitle her to equitable tolling, however, particularly because it should not have taken her more than two years to inquire about the resolution of her appeal.[4] Indeed, the limitations period for § 2255 motions is subject to equitable tolling "only 'in rare and exceptional cases.'" United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002), cert. denied, 123 S. Ct. 2630 (2003)(quoting Davis v. Johnson, 158 F.3d 806, 811

---

of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

[4]  Her notice of appeal was filed on the same date judgment against her was entered, March 21, 2003. She first wrote to this Court inquiring about the status of her appeal on April 28, 2005, more than two years later.

(5th Cir. 1998)).  Neither her motion nor the record discloses any facts that would support a finding that the limitations period should be tolled. Accordingly, her motion is denied as time-barred.

### B.     Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Gonzalez has not yet filed a notice of appeal, this Court nonetheless addresses whether she would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000)(emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002)(applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Gonzalez has stated a valid claim for relief, because she

5

cannot establish the second <u>Slack</u> criterion. That is, reasonable jurists could not disagree that her motion is time-barred. Accordingly, Gonzalez is not entitled to a COA.

## IV. CONCLUSION

For the above-stated reasons, Gonzalez's motion under 28 U.S.C. § 2255 (D.E. 82) is DENIED. The Court also DENIES her a Certificate of Appealability.

ORDERED this 12th day of July, 2005.

_____
Janis Graham Jack
United States District Judge